**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEVEN HANYON,

                  Plaintiff,

                -v-                                  3:26-CV-168 (AJB/CBF)

THE STATE OF NEW YORK

                  Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

STEVEN HANYON
Plaintiff, Pro Se
22 Weber Road
Port Crane, NY 13833

**Hon. Anthony Brindisi, U.S. District Judge:**

### <u>ORDER ON REPORT & RECOMMENDATION</u>

On February 3, 2026, *pro se* plaintiff Steven Hanyon ("plaintiff") filed this civil action

against defendant The State of New York ("defendant").  Dkt. No. 1.  Along with his complaint,

plaintiff also: (1) moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 2,

6; (2) filed a letter seeking an order of protection, Dkt. No. 4; (3) filed an affidavit in support of

his complaint, Dkt. No. 9; (4) submitted a letter stating that he was unsure whether he filed his

affidavit correctly, Dkt. No. 10; (5) filed an amended motion stating, *inter alia*, that he "witnessed

the lord's Judgment" and "would like to run for President," Dkt. No. 12; (6) submitted a letter

sharing his thoughts on the value of his litigation conduct in this forum, Dkt. No. 13; (7) filed an

amended petition sharing updates about the status of an apparent state-court criminal proceeding

against him, Dkt. No. 14; (8) submitted a letter seeking updates about the status of this litigation,

Dkt. No. 15; (9) filed a copy of some kind of state administrative hearing request, Dkt. No. 16; and (10) lodged pre-emptive objections to the dismissal of this litigation, Dkt. No. 17.

On April 13, 2026, U.S. Magistrate Judge Carla B. Freedman granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed. Dkt. No. 18. As Judge Freedman explained, plaintiff's complaint failed to comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure. *Id*. Although Judge Freedman noted that plaintiff had repeatedly been cautioned about the need to comply with these basic pleading requirements, she concluded that—in light of his *pro se* status—leave to amend might nevertheless be warranted. *See id*.

Plaintiff has lodged objections and submitted other filings using the Court's electronic filing portal ("MFT"). Dkt. Nos. 19, 20, 21, 22. In those filings, plaintiff explains that he objects to his complaint being dismissed because he "should be able to leave the Driveway to support [his] Country and live off from [his] Dreams," Dkt. No. 19, appears to accuse unnamed actors of conspiring to violate his civil rights in violation of federal criminal law, Dkt. No. 20, contends that defendants do not have immunity because "all they do is practice fraud," Dkt. No. 21, and states that certain state-court charges against him were thrown out but somehow reinstated by an entity that is not named as a party to this litigation, Dkt. No. 22.

Upon *de novo* review, Judge Freedman's well-reasoned R&R is accepted and will be adopted in all respects save one: there is no need to permit plaintiff an opportunity to amend because there is absolutely no indication that permitting amendment would be productive under these circumstances. *See, e.g.*, *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up) ("Although district courts in this circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is

nevertheless appropriate to do so in cases where it appears that granting leave to amend is unlikely to be productive.").

Plaintiff, acting *pro se*, has filed at least six previous civil actions in this district. *Hanyon v. Express Auto Credit Corp. et al.*, 3:23-CV-1640 (MAD/ML); *Hanyon v. The United States et al.*, 3:25-CV-212 (BKS/TWD); *Hanyon v. Express Auto Credit Corp. et al.*, 3:25-CV-424 (BKS/DJS); *Hanyon v. LinkedIn*, 3:25-CV-472 (AJB/MJK); *Hanyon v. Broome County Corrections et al.*, 9:25-CV-1315 (ECC/ML); *Hanyon v. Express Auto Credit Corp. et al.*, 3:26-CV-91 (BKS/DJS).

With the exception of one case that was dismissed on Rule 41(b) grounds because plaintiff repeatedly failed to comply with court orders, the presiding judicial officers in each one of these previous actions have reviewed plaintiff's initial filings, found them to be deficient, patiently explained the basic pleading requirements necessary to pursue a civil action in federal court, and permitted plaintiff at least one opportunity to amend.

In each instance, plaintiff has either failed to file an amended pleading or submitted an amended pleading that remained deficient in various respects. What's more, in each of these cases plaintiff has taken advantage of the Court's MFT system to litter the civil dockets with meritless letters and irrelevant (and often inscrutable) filings.

Enough is enough. Plaintiff's filings in this action—just as in those other actions—are plainly meritless. Plaintiff's litigation conduct has led to the unnecessary expenditure of judicial resources, both in reviewing each of his pleadings and in trying to make heads or tails out of all his other accompanying filings. Those resources could be better spent on screening possibly meritorious complaints from other unrepresented litigants. Indeed, plaintiff's litigation behavior borders on abusive, since his flagrant misuse of the Court's MFT system has required Clerk's Office

staff to review each of his many submissions before determining where and how to docket them (and in which of his cases) on the Court's CM/ECF system.

In short, leave to amend will be denied and this action will be dismissed without any further proceedings.  Plaintiff is cautioned that civil actions filed in federal court must conform with the Federal Rules of Civil Procedure, including Rules 8 and 10, and with the Local Rules of Practice promulgated by each judicial district, including the Northern District of New York.  Plaintiff is further cautioned that the IFP statute requires a court to dismiss a case "at any time" if it determines, *inter alia*, that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  Finally, plaintiff should take note that under our Local Rules a litigant's misuse of the MFT system "may result in the [offending] document being stricken from the docket or terminating the filer's MFT submission privileges." N.D.N.Y. L.R. 10.1(c)(3).

Further lawsuits filed in this federal judicial district that continue to violate these basic expectations will be *sua sponte* dismissed and may be referred to the Chief Judge for additional action.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 18) is ACCEPTED as modified;

2.  Plaintiff's pending motions (Dkt. Nos. 12, 22) are DENIED as moot; and

3.  Plaintiff's complaint is DISMISSED without leave to amend.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 30, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge

- 4 -